**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric S Greene, II, et al., | No. CV-25-02421-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Alara Homeowners Association Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiff Eric S Greene's ("Greene") Complaint (Doc. 1), Application to Proceed Without Paying Fees or Costs (Doc. 3) ("Application"), and Motion for Preliminary Injunction ("Motion") (Doc. 4). The Court will grant the Application but will dismiss Greene's Complaint without prejudice. Greene's Motion will be denied as moot.

**I.    IFP APPLICATION**

A party may file a lawsuit without paying the filing fee if the Court grants leave to proceed *in forma pauperis* ("IFP"). 28 U.S.C. § 1915.[1] "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted). To proceed IFP in the District of Arizona, plaintiffs must establish their inability to pay by filing an Application, which is an affidavit describing the applicant's inability to pay costs and a complete statement of all income and assets. *See* LRCiv 3.3.

---

[1] Section 1915 largely concerns prisoner litigation, but § 1915(e) applies to all IFP proceedings in the Ninth Circuit. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

1 Greene's Application shows that he does not have sufficient funds to pay the filing fee and
2 still afford the necessities of life. (Doc. 3); *Escobedo*, 787 F.3d at 1234. The Court will
3 grant his application to proceed IFP.

4 **II.   STATUTORY SCREENING OF IFP COMPLAINTS**

5 The Court must screen complaints brought IFP. 28 U.S.C. § 1915(e)(2). The Court
6 must dismiss the complaint if the action is frivolous or malicious, fails to state a claim on
7 which relief may be granted, or seeks monetary relief against a defendant who is immune
8 from such relief. Id. § 1915(e)(2)(B).

9 The Court must also have jurisdiction to hear the complaint. Federal courts are
10 courts of limited jurisdiction, possessing only the power authorized by Congress or the
11 Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
12 Congress has determined that federal courts can hear only certain types of cases, and
13 without such subject-matter jurisdiction, federal courts cannot entertain a lawsuit. *Royal*
14 *Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). Relevant here, Congress has
15 granted federal courts authority to exercise subject matter jurisdiction over "all civil actions
16 arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331;
17 *Gunn v. Minton*, 568 U.S. 251, 257 (2013). A case arises under federal law when federal
18 law creates the cause of action. *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257,
19 260 (1916). If the facts of the well-pled complaint do not assert a federal question, subject
20 matter jurisdiction is lacking. *See id.*

21 **III.   DISCUSSION**

22 Greene alleges that Defendants Alara Homeowners Association ("Alara HOA") and
23 Stratman Law Firm ("Stratman") recorded a lien against him for failing to pay Alara HOA
24 fees. (Doc. 1 at 4, 6.) Greene then "transferred ownership of the property into the ERIC
25 GREENE II ESTATE/TRUST" in attempt to absolve himself of liability. (*Id.* at 4.)
26 Defendants continued to pursue Greene himself for the Alara HOA fees, threatening to
27 start foreclosure proceedings if Green refuses to pay. (*Id.* at 6.) Greene claims he asked for
28 proof of the debt and "a copy of any contract or agreement showing that [Greene]

personally owed the amount," but that Defendants failed to provide it. (*Id.*) Greene seeks a preliminary injunction to stop Defendants "from initiating or continuing any enforcement or foreclosure proceedings" against his property or Greene personally. (Doc. 4 at 1.) Although not clear, Greene seems to claim that because he transferred ownership of his property to a trust in his name, he is no longer personally responsible for his HOA debts or his lien.[2]

The Court must first determine if it has jurisdiction. A case arises under federal law when federal law creates the cause of action. *Am. Well Works*, 241 U.S. at 260. Greene asserts federal claims under 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"), and constitutional violations arising under 42 U.S.C. § 1983. The Court will consider each in turn.

### A.    The FDCPA

The FDCPA regulates how debt collectors communicate with consumers. *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 468 (2019). The FDCPA prevents debt collectors from using false, deceptive, or misleading representations when collecting debt, including a false representation that the collector is an attorney. 15 U.S.C. § 1692e(3). The consumer can also request that the debt collector validate the debt with the original creditor before collecting it. 15 U.S.C. § 1692g(b).

With less-than-ideal clarity, Greene seemingly cites these provisions of the FDCPA to claim that Defendants falsely represented themselves as attorneys when attempting to collect the lien and failed to validate the debt when Greene requested it. (Doc. 1 at 6; Doc. 4 at 2-3.) But Greene has not pled any facts showing that he is entitled to relief: he simply cites these statutes and asserts that the Defendants violated the law. There are not enough facts on the face of the complaint to assert a federal question. *Am. Well Works*, 241 U.S. at 260. Without more, the Court does not have jurisdiction.[3]

---

[2] As this is a state law question, the Court will not address the merits of this issue.
[3] Greene attached similar conclusory facts and exhibits to his Motion. (*See* Doc. 4.) However, "[courts] consider only the facts alleged in the complaint and in any documents appended thereto." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 867 (9th Cir. 2002). Because these facts are not in the complaint, the Court cannot consider them.

**B.    42 U.S.C. § 1983**

An individual may sue "any person" who commits constitutional violations against the individual while the person was acting "under color" of state law. 42 U.S.C. § 1983. A person acts under color of state law when "exercising power possessed by virtue of state law." *Polk County v. Dodson*, 454 U.S. 312, 317 (1981). Therefore, only claims against state actors and those working in tandem with state actors are eligible for relief under the statute. *See id.*; *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982).

Greene does not plead with any clarity that either Defendant is a "state actor" for purposes of § 1983. The closest Greene gets is pleading that "Alara HOA and Stratman Law Firm have continued to threaten foreclosure and collection without giving [Greene] a hearing or a court process to challenge the debt." (Doc. 1 at 6.) But this does not make Defendants state actors for the purposes of § 1983. Because it is otherwise clear that Defendants are not state actors, Greene does not have a § 1983 claim.

**C.    Summary**

Greene has not properly pled sufficient facts to support subject matter jurisdiction. Without jurisdiction, the Court cannot address the merits of Greene's Motion or state law arguments. Accordingly, the Motion and remaining claims are denied as moot.

**IV.    LEAVE TO AMEND**

If a pleading might be cured by allegations of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Given the jurisdictional issues addressed above, the Court concludes that leave to amend would not cure the deficiencies of Greene's pleading. *Id.* Greene may be able to assert his claims elsewhere; therefore, the Court will dismiss the complaint without prejudice. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001) (explaining that a dismissal without prejudice means a complaint asserting the same claims may be refiled).

. . . .

. . . .

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Application (Doc. 3.) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Preliminary Injunction (Doc. 4) is denied as moot and without prejudice.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter a judgment of dismissal without prejudice and close this case.

Dated this 15th day of July, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge